**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODD FERNANDES,

Plaintiff - Appellant,

v.

TOWN OF PAHRUMP, DBA Pahrump
Valley Fire-Rescue Services; et al.,

Defendants - Appellees.

No. 10-15036

D.C. No. 2:09-cv-00494-RCJ-
GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Rodd Fernandes appeals from the district court's judgment dismissing his

action brought under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt

Organizations Act ("RICO").  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Fernandes's RICO claim because he did not allege facts suggesting a pattern of racketeering activity or any nexus to interstate commerce. *See Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("In order to constitute a 'pattern,' there must be at least two acts of racketeering activity within ten years of one another.") (citation omitted); *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) (to state a civil RICO claim, the enterprise engaged in the racketeering activity must have a nexus to interstate commerce); *see also Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO.").

The district court properly dismissed Fernandes's equal protection claim because he did not allege facts suggesting that defendants acted with discriminatory intent or treated him differently from similarly situated individuals. *See Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) ("plaintiff can establish a class of one equal protection claim by demonstrating that [he] has been intentionally treated differently from others similarly situated") (citation and internal quotation marks omitted), *overruled in part on other grounds*

*as stated in Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509

F.3d 1020, 1025 (9th Cir. 2007).

Contrary to Fernandes's contentions, the district court acted within its

discretion by denying leave to amend because amendment would have been futile.

*See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

Fernandes's remaining contentions are unpersuasive.

**AFFIRMED.**

10-15036